UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER and VIRGINIA WYANT,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | Case No. C08-840 MJP<br><br>ORDER ON ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiffs' motions for attorneys' fees and costs. (Dkt. Nos. 59, 67.) Having reviewed the motions, Defendant's replies (Dkt. Nos. 65, 70), Plaintiffs' responses (Dkt. Nos. 68, 73), and having heard oral argument on October 19, 2009 (Dkt. No. 77), the Court hereby GRANTS Plaintiffs' motions for fees with modifications, and GRANTS, in part, and DENIES, in part, their motion for costs.

**Background**

In October 2007, fire damaged a portion of Roger Wyant's home in Spokane. Roger Wyant notified his insurer, Allstate Indemnity Company, of the loss and requested benefits under the policy. Allstate offered $32,954.19 to compensate Roger Wyant for his losses, but denied policy benefits to Virginia Wyant and her daughter, Tiffany Sullivan. (Dkt. No. 42 at 2.) In October of 2007, the Wyants demanded an appraisal under the terms of the policy. On June 27, 2008, Roger Wyant was awarded $99,972.07 in cash from the appraisal process.

ORDER ON ATTORNEYS' FEES AND COSTS - 1

1 (Dkt. No. 20 at 87.) Roger Wyant employed a public adjuster, Bud Dyer, to assist him in this process. (Dkt. No. 20 at 94.)

Plaintiffs' counsel began billing time to the matter in April 2008, one year after the appraisal process was started and just 2 months before the appraisal award was made. (Waktins Decl. Ex. A at 1.) Counsel's contribution to the appraisal process was limited. In addition to disputing the appraisal award, Plaintiffs filed suit in King County Superior Court on April 18, 2008, seeking damages against Allstate for wrongful denial of coverage, breach of contract, violating the Consumer Protection Act ("CPA"), and trespass. (Dkt. No. 5 at 7-8.) Allstate removed the case to this Court on May 29, 2008. (Dkt. No. 1.) Both parties filed motions for partial summary judgment. (Dkt. Nos. 19-21.) The Court found in favor of Plaintiffs on their breach of contract claim, denied their motion as to the CPA claim, and dismissed Tiffany Sullivan from the action. (Dkt. No. 42.) The Court denied Allstate's motion as to the breach of contract claim. (Id.)

On August 21, 2009, Defendant filed an offer of judgment which Plaintiffs accepted. The offer provided $5,000 to resolve all of Plaintiffs' claims. (Dkt. No. 55, 56.) The offer stated:

> . . . Allstate . . . offers to allow final judgment against it to be taken on all of plaintiffs' claims in the amount of $5,000, together with costs then accrued, including reasonable attorney's fees incurred by plaintiffs in an amount to be determined by the court.

(Dkt. No. 55.)

On August 27, 2009, Plaintiffs filed a motion for attorneys' fees. (Dkt. No. 59.) In their opening brief, Plaintiffs sought $177,715.50 in fees and $7,287.44 in expenses. (Id.) In the reply brief, they requested an additional $9,010 in fees. (Dkt. No. 68 at 6.) Plaintiffs also seek $5,604.40 in taxable costs. (Dkt. No. 67 at 4.)

ORDER ON ATTORNEYS' FEES AND COSTS - 2

**Discussion**

A. <u>Right to attorneys' fees</u>

Plaintiffs seek an award of attorneys' fees based on their acceptance of Allstate's offer of judgment and their status as the prevailing party. <u>See</u> <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 363 (1981) (Powell, J., concurring) (stating that a Rule 68 offer of judgment "by definition, stipulates that the plaintiff shall be treated as the prevailing party"); <u>see</u> <u>Herrington v. County of Sonoma</u>, 12 F.3d 901, 907 (9th Cir. 1993) (noting that the terms of the offer of judgment govern the award of fees and costs). Under the terms of Allstate's offer of judgment, Plaintiffs may recover "reasonable attorney's fees . . . in an amount to be determined by the court" and the "costs then accrued." (Dkt. No. 55.)

B. <u>Lodestar</u>

The lodestar calculation is used to determine a reasonable attorneys' fee award. <u>See</u> <u>Morgan v. Kingen</u>, 166 Wn.2d 526, 539 (2009). The calculation is simple: the Court multiplies the reasonable number of billable hours by the reasonable hourly rate. This may include time spent by a paralegal on legal matters. <u>Morgan v. Kingen</u>, 141 Wn. App. 143, 164 (2007), <u>aff'd</u>, <u>Morgan</u>, 166 Wn.2d 526. The difficulty lies in determining what hours are reasonably necessary to obtain success on those claims which provide for fee recovery. In reaching its conclusion, the Court excludes wasteful or duplicative efforts and those pertaining to unsuccessful theories or claims. <u>See</u> <u>Mahler v. Szucs</u>, 35 Wn.2d 398, 434 (1998). The burden lies on counsel to "provide reasonable documentation of their work performed, the number of hours worked, and the category of attorney who performed." <u>Morgan</u>, 141 Wn. App. at 162. The Court must then determine whether the hourly rates requested by counsel are reasonable, considering, in part, the quality of the work performed. <u>Id.</u>; <u>Morgan</u>, 166 Wn.2d at 539.

Plaintiffs' counsel calculates the lodestar award at $186,725.50. (Dkt. No. 68 at 6.) This request is excessive. The Court adjusts the lodestar calculation based on the following:

ORDER ON ATTORNEYS' FEES AND COSTS - 3

(1) hours spent on unrelated and non-legal matters; (2) excessive hours billed for work in certain straight-forward matters; (3) duplicative work of counsel; and (4) poorly explained and vague time entries.

The Court agrees with Allstate that Plaintiffs' counsel may not recover fees for work that did not contribute to resolution of the matter before the Court, or for non-legal work. (Dkt. No. 65 at 4-12.) Several items billed fit into this category.

Plaintiffs' counsel billed hours related to the appraisal dispute process, which is entirely separate from the action Plaintiffs pursued in this Court. Moreover, counsel's involvement with that process was extremely limited, even though the appraisal process was the predominant source of recovery for Plaintiffs' losses. Based on the billing records submitted, the Court bars recovery of 13.2 hours billed by Michael Watkins to the appraisal process, and 2.9 hours billed by Timothy Bearb to the same.

Plaintiffs' counsel seeks fees related to time spent meeting and negotiating with the Spokane Building Department. This time is unrecoverable. The dispute before the Building Department did not advance or form any part of the litigation before this Court. Plaintiffs' counsel may not recover 17.8 hours billed by Mr. Bearb and .9 hours billed by Mr. Watkins in this matter.

Plaintiffs' counsel also billed for non-legal tasks, for which they cannot recover. Mr. Bearb billed 2.5 hours for hand-delivering discovery responses, 3.5 hours for bates-stamping documents, and .8 hours for copying exhibits. Given the lack of segregated time entries, the Court cannot distinguish between the various tasks billed to these time entries, and deducts the entire amount. The Court is mystified why Plaintiffs' counsel would consider such ministerial activities to be billable legal tasks; this defies common sense. These hours are excluded from the lodestar.

Two of counsel's briefing efforts show a trend of excessive time spent on straightforward matters. First, counsel billed 208.1 hours on two partial summary judgment

ORDER ON ATTORNEYS' FEES AND COSTS - 4

motions and one opposition brief to a partial summary judgment motion, concerning straight-forward issues of contract and Washington law. The Court finds that a reasonable number of hours are half of what is claimed by counsel. See Morgan, 141 Wn. App. at 163 n.52 (affirming the reduction of 2/3 for fees linked to a summary judgment motion that was "straightforward"). The Court deducts 41.3 hours from Mr. Watkins' hours, 38.65 from Mr. Bearb's hours, and 24.1 hours from Joel Hanson's hours. Second, counsel claims to have spent over 50 hours drafting a rote request for attorneys' fees. The motion was not detailed, novel, or remotely complex. Plaintiffs' counsel then logged an additional 37.6 hours in drafting a six page reply brief and a simple motion for costs. (Dkt. No. 68 at 33-36.) Bizarrely, Mr. Watkins billed over 5 hours in May, 2009 to drafting the motion for attorneys' fees, over 3 months before the offer of judgment was made. Over 85 hours drafting fee and cost petitions on a straightforward matter is excessive and extremely wasteful. A reduction of three-quarters is merited. The Court deducts: (1) 18.3 hours from Mr. Watkins' hours, (2) 16 hours from Mr. Bearb's hours, and (3) 31.9 hours from Mr. Hanson's hours.

Counsel's billing records contain a large number of hours spent on unnecessary duplication of effort. For example, on the reply brief for the fee motion, Plaintiffs' three attorneys collectively billed 24 hours for drafting and revising a 6 page brief with a handful of exhibits. This shows unnecessary duplication, which is also revealed in many other entries billed for preparing memoranda, researching, and managing the case. While Mr. Watkins' declares that duplication does not occur within his firm, the billing records contradict this assertion. (See Watkins Decl. ¶ 27.)

The Court notes that counsel's billing records often fail to describe the work performed in sufficient detail to permit the Court to understand the nature of the work. As an example of confusing entries, counsel billed time to "revising" briefs, but there appears to be no entries for actually writing the briefs in the first instance. Plaintiffs' counsel also fails segregate time spent on various tasks, making it impossible for the Court to determine

precisely how much time was spent on the various tasks.  While it is not necessary to segregate every item, there must be some indication of how the time breaks down by relevant category.  There are also many entries for "future case management," with no explanation or context to analyze whether such time was reasonably spent.  Mr. Watkins billed over 35 hours to this entry.  The Court recognizes the importance of strategic planning, but finds these entries excessive and reduces them to 20 hours.  The Court finds that the opacity of counsel's records and the duplication of work, described above, support a reduction of twenty-five percent of the total time billed.

The Court finds the hourly rates charged by Plaintiffs' counsel to be excessive.  The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1985).  "[B]illing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'" <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 946 (9th Cir. 2007) (quotation omitted).  Mr. Bearb became a member of the Washington State Bar in the fall of 2007, and now bills at $225 per hour.  (Watkins Decl. ¶ 22.)  Mr. Hanson was admitted to the Bar in the fall of 2008 and is now billing at $175 per hour.  (<u>Id.</u> at ¶ 23.)  These rates are not justified based on the experience of counsel and the skill shown to the Court.  The Court finds that a rate of $150 is reasonable for Mr. Bearb and $125 for Mr. Hanson throughout this litigation.  Although Mr. Watkins boasts of greater experience, the Court finds that $350 per hour is not reasonable.  The complexity of the work and skill demonstrated by Mr. Watkins justifies only a rate of $275 per hour.  Lynne Wilson performed work as a contract attorney and billed at $50 per hour.  However, Plaintiffs fail to provide any documentation of Ms. Wilson's 16.50 hours of time billed other than a general affidavit from Mr. Watkins.  (<u>Id.</u> at ¶ 25.)  Without any means of verifying that this time was spent legitimately, the Court does not consider it in the

calculating the lodestar. See Chalmers, 796 F.2d at 1210 (hours may be reduced where documentation is inadequate). Sonia Chakalo, a paralegal, bills at $100 per hour. (Watkins Decl. ¶ 24.) Plaintiffs have failed to submit evidence as to Ms. Chakalo's experience or skill. The Court finds $100 per hour excessive, and reduces it to $75 per hour.

The Court calculates the lodestar, considering the reductions outlined above, as follows: (1) Mr. Watkins: 134.85 hours at a rate of $275 per hour equals $37,083.75; (2) Mr. Bearb: 161.52 hours at a rate of $150 equals $24,228; (3) Mr. Hanson: 83.5 at a rate of $125 equals $10,437.50; and (4) Ms. Wilson: 15.7 hours at $75 equals $1,177.50. The total lodestar is $72,926.75, without consideration of several relevant factors counseling a downward adjustment.

C. Modification of the Lodestar

The Court is permitted to adjust the lodestar by considering a number of subjective factors:

> [T]he time expended, the difficulty of the questions involved, the skill required, customary charges of other attorneys, the amount involved, the benefit resulting to the client, the contingency or certainty in collecting the fee and the character of the employment.

Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 150 (1993) (quotation omitted). "[A] lodestar figure which grossly exceeds the amount involved should suggest a downward adjustment." Id. In Fetzer, the Supreme Court reduced a request for attorneys' fees from $180,914 to 22,454.28 where the defendant had won a simple motion to dismiss for lack of jurisdiction and where the fee request grossly outweighed the amount in controversy.

The Court is struck by the meager benefit obtained by counsel for their clients. After months of litigation, Plaintiffs settled the matter for a mere $5,000, over 35 times less than the fee award requested by counsel. Of their own volition and with little to no assistance of counsel, Plaintiffs successfully resolved their dispute with Allstate in the appraisal process. This produced a recovery of over $100,000, and reduced the amount in controversy before

ORDER ON ATTORNEYS' FEES AND COSTS - 7

this Court substantially. Plaintiffs' counsel billed less than 20 hours in relation to the appraisal process, and they have failed to demonstrate how this litigation produced any positive result in the appraisal outcome. (See Dkt. No. 20 at 87.) Plaintiffs' counsel tries to skirt this issue by stating that ". . . subsequent to our filing suit, Allstate made 8 additional payments to the Wyant's [sic] totaling $121,426.17." (Dkt. No. 59 at 141.) Mere temporal proximity does not demonstrate that Plaintiffs' counsel recovered any more than $5,000 for Plaintiffs by filing this suit. This small benefit to Plaintiffs does not support the extreme disparity between the fee requested and results produced. See Fetzer, 122 Wn.2d at 150. A consideration of the excessive hours spent by counsel after the offer of judgment was accepted suggests to the Court that counsel was simply padding their hours to justify a larger fee award. The Court will not reward such a tactic.

The difficulty and skill required in this matter does not justify the lodestar fee of $72,926.75, which is still over 14 times the amount recovered for Plaintiffs. The only novel issue at play was the definition of "guest" under the Wyant's insurance policy. This required recourse to a dictionary, and little complex analysis. (See Dkt. No. 42.) The CPA and bad faith claims involve no new areas of law and are straightforward. No special skill was required to litigate this matter. See Fetzer, 122 Wn.2d at 150. An adjustment downward is merited on this basis.

Although counsel took this case on a contingent basis, counsel did not face a high degree of risk. Their clients obtained a near full recovery of their losses through the self-initiated appraisal process. By June 2008, it was clear to the parties that Allstate was required to pay the Wyants for the majority of their losses, and at least one arbitration panel found Allstate liable for payment to the Wyants. The Court recognizes that some risk existed in pursuing Plaintiffs' claims, but this does not support the lodestar calculated above.

The Court adjusts downward the lodestar amount by one-half, in recognition of: (1) the glaring disparity in the recovery obtained and fees requested; (2) the simplicity of the

1    case; and (3) the relatively small risk facing counsel. The Court awards a total fee of

2    $36,463.38, which is still over 7 times what Plaintiffs recovered in this litigation.

3    D.      <u>Expenses</u>

Plaintiffs seek to recover expenses that they claim are related to the prosecution of this case. They seek these fees under Washington law that permits recovery of expenses related to wrongful denial of coverage claims. <u>See</u> <u>Panorama Village Condominium Owners Bd. of Dir. v. Allstate Ins. Co.</u>, 144 Wn.2d 130, 144 (2001) (citing <u>Olympic S.S. Co., Inc. v. Centennial Ins. Co.</u> 117 Wn.2d 37 (1991)). However, Plaintiffs are not entitled to such fees, because the offer of judgment is the sole basis on which Plaintiffs may obtain fees and costs. <u>See</u> <u>Herrington</u>, 12 F.2d at 907. Plaintiffs are therefore incorrect in their assertion that fees are recoverable under <u>Olympic S.S.</u> (Dkt. No. 68 at 6.)

Nothing in the offer of judgment permits Plaintiffs to recover fees for expenses. <u>See</u> <u>Herrington</u>, 12 F.3d at 907. The Court finds the offer to be unambiguous—recovery of fees did not include expenses or it would have so stated. Accordingly, the Court denies recovery of expenses for: (1) travel to Spokane, (2) mediator fees, (3) expert witness fees, (4) expert witness fees, (5) construction estimates, (6) contents inventories, and (7) Philip Talmadge's expert report. (Dkt. No. 59 at 11-12.) Even if the Court considered these to be recoverable as fees, Mr. Talmadge's report would not qualify as a necessary expense. It is distinctly the Court's province, not an expert's, to determine the reasonableness of the attorneys' fees requested. <u>See</u> <u>Chalmers</u>, 796 F.2d at 1211 ("[T]he district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney."). The Court DENIES the request for expenses.

E.      <u>Costs</u>

Plaintiffs seek all taxable costs related to this action. Allstate argues that Plaintiffs failed to provide an affidavit in their motion to support the award of fees. Plaintiffs did attach

ORDER ON ATTORNEYS' FEES AND COSTS - 9

a form bill of costs, and then submitted a detailed affidavit in their reply brief. This is sufficient. However, the offer of judgment limited recovery of costs to those "then accrued." Plaintiff cannot recover costs after the date the offer of judgment was accepted.

Plaintiffs request costs for docket fees of $200. (Dkt. No. 67 at 1-2.) Allstate does not dispute this cost, which is properly recoverable under 28 U.S.C. § 1920(5). The Court GRANTS this cost request.

Plaintiffs request $10 for the cost of serving Allstate through the Washington State Insurance Commissioner's mandatory service fee. RCW 48.05.200(1); (Dkt. No. 67 at 2.) Allstate argues that this fee was not mandatory, but RCW 48.05.200(1) and 48.05.210(1) contradict this assertion. The Court GRANTS this cost under 28 U.S.C. § 1920.

Plaintiffs request messenger fees related to service of process of $102.00. Allstate does not oppose this request and the Court GRANTS this taxable cost.

Plaintiffs also request $3,121.85 in costs for the court reporter transcripts. (Dkt. No. 67 at 2.) Allstate argues that Plaintiffs failed to document the precise reporter transcripts at issue and fail to show whether they were necessary to use in this case. (Dkt. No. 70 at 2.) The Court disagrees with Allstate and taxes this cost to Allstate. The deposition transcripts were necessary to Plaintiffs to prepare the case. See Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (holding that deposition copies are properly taxed under 28 U.S.C. § 1920).

Plaintiffs also request photocopying and postage fees of $1,482.95. (Dkt. No. 67 at 2.) Plaintiffs have shown that these costs were necessary for use in the case. (Dkt. No. 73 at 7.) However, these costs are only recoverable as of the August 21, 2009, the date the offer of judgment was accepted. The Court deducts $15.80 for copies made on September 22, 2009, and $2.07 for postage costs logged on September 21, 2009. The Court awards a total cost award for photocopying and postage of $1465.08.

ORDER ON ATTORNEYS' FEES AND COSTS - 10

Plaintiffs also request per diem and mileage costs incurred by Roger and Virginia Wyant and Bud Dyer as part of their depositions. (Dkt. No. 67 at 2.) However, as Allstate correctly points, Plaintiffs cannot recover witness fees and expenses as taxable costs for parties to the lawsuit. See Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998). Plaintiffs cannot recover witness fees for Mr. Dyer, because they were incurred in deposing Mr. Dyer as an expert, which is only recoverable as a party expense. Harris v. Marhoefer, 24 F.3d 16, 20 (9th Cir. 1994). The Court has not permitted recovery of such expenses. See supra, Section D. The Court DENIES these costs.

The Court GRANTS the service, docketing, photocopying, postage, and court reporter costs, totaling $4,898.93. The Court DENIES recovery of proposed witness costs.

**Conclusion**

The Court GRANTS Plaintiffs' counsel an award of $36,463.38 in attorneys' fees. This reduction of over 80% of the requested fees is merited. It constitutes an award of over 7 times the amount Plaintiffs' counsel obtained for the clients in this straightforward matter. The Court DENIES the expenses requested by Plaintiffs, which are not recoverable under the terms of the offer of judgment. The Court GRANTS, in part, and DENIES, in part, Plaintiffs' request for taxable costs, and awards $4,898.93 as taxable costs. Allstate is ORDERED to submit payment to Plaintiffs within 10 days of entry of this order.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 18th day of November, 2009.

Marsha J. Pechman
United States District Judge

ORDER ON ATTORNEYS' FEES AND COSTS - 12